SINGLUFF v. TINDAL.

1. MARRIED WOMAN—PROMISSORY NOTE.—A promissory note is not a "like formal instrument," within the meaning of the act of 1887 (19 Stat., 819), which declares that "all conveyances, mortgages, and like formal instruments of writing, affecting her separate estate, executed by a married woman, shall be effectual to convey or charge her separate estate, whenever the intention so to convey or charge such separate estate is declared in such conveyances, mortgages, or other instruments of writing." And a married woman is not liable on her note given in payment of her husband's debt, notwithstanding the declaration therein written, "that it is my purpose and intention, in making this note, to charge my separate property with payment of the same."

2. CASE CRITICISED.—Martin v. Suber, 39 S. C., 525, approved and followed.

Before HUDSON, J., Sumter, March, 1893.

Action by Singluff, Disney & Co. against Susan S. Tindal and John M. Tindal & Son.

*Messrs. Lee & Moise,* for appellant.

*Messrs. Blanding & Wilson,* contra.

March 5, 1894.   The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.  The facts in this case are undisputed, and may be briefly stated as follows: The defendants, John M. Tindal & Son, as partners in trade (one of them the husband and the other the son of the appellant), being indebted to the plaintiffs in a certain sum of money on account of a purchase of a lot of shoes, which indebtedness the said Tindal & Son were unable to meet at maturity, the plaintiffs sent out their agent to arrange the matter.  This agent proposed to give

an extension on such indebtedness provided security was given, and being told that Tindal & Son had no security to offer, the agent inquired of John M. Tindal whether he could not get his wife, the appellant, to sign the notes, to which the reply was, that he supposed he could, the agent at the time making use of this significant remark : "I know that in this State a married lady cannot be held responsible for her husband's debts," and stating that he only wanted Mrs. Tindal's signature "to make a show of security." Accordingly, on the 16th of November, 1891, Mrs. Tindal signed two notes, aggregating in amount the amount of the debt due by John M. Tindal & Son to the plaintiffs, and both made payable to the order of John M. Tindal & Son, one on the 15th and the other on the 20th of January, 1892, and by them immediately endorsed and delivered to plaintiffs' agent. Both of these notes contained the following words : "And I do hereby declare that it is my purpose and intention, in making this note, to charge my separate property with payment of the same." The defendant, Susan S. Tindal, put in her answer, alleging that she was a married woman at the time she signed said notes, at the instance of the plaintiffs, as security for the debt of John M. Tindal & Son ; which facts, as well as the fact that she acquired no benefit from the transaction whatever, was well known to plaintiffs at the time. The other defendants made default.

The Circuit Judge instructed the jury that, by reason of the words inserted in the notes, expressive of an intention on the part of appellant to charge her separate property with the payment of the same, the appellant, though a married woman at the time, and though the contract sued upon was not a contract as to her separate estate, but was entered into as surety for her husband, was, nevertheless, liable under the provisions of the act of 1887 (19 Stat., 819); and he, therefore, directed the jury to write a verdict for the plaintiffs. From the judgment entered on this verdict the defendant, Susan S. Tindal, appeals upon the several grounds set out in the record, which make, substantially, the single question, whether the Circuit Judge erred in holding that under the provisions of the said act of 1887, the appellant [was liable]; for there cannot be a

shadow of doubt that, under the law as it stood at the time of the execution of these notes, the appellant would not be liable, unless the act of 1887 applies.

The only part of that act which is pertinent to the present inquiry is the first section, which reads as follows: "All conveyances, mortgages, and like formal instruments of writing, affecting her separate estate, executed by a married woman, shall be effectual to convey or charge her separate estate, whenever the intention so to convey or charge such separate estate is declared in such conveyances, mortgages, or other instruments of writing." So that the practical inquiry here is whether an ordinary promissory note can be regarded as one of the instruments of writing referred to in the act of 1887. It will be observed that the legislature does not provide that *all* contracts, or instruments in writing, executed by a married woman, shall be effectual to bind her separate estate, whenever the intention so to do shall be declared in such contract or written instrument, which would have been much the easiest and most natural course, if the intention had been to apply the provisions of that act to *all* contracts or written instruments executed by a married woman. On the contrary, the act expressly declares what classes of instruments are to be affected by that act, and upon the maxim *expressio unius est exclusio alterius*, all classes of instruments not so specified are left to be governed by the law as it stood before the passage of the act. The legislature having seen fit to take certain specified classes of instruments out of the operation of the pre-existing law, and prescribed a new rule for the construction of *such* specified instruments, we do not see by what authority the court could interpolate words into the act so as to make it embrace any other instrument in writing not designated in the act.

Inasmuch, therefore, as the act expressly specifies the classes of written instruments to which it was intended to apply, to wit: conveyances, mortgages, and *like* formal instruments of writing, and inasmuch as a promissory note is neither a conveyance, nor a mortgage, nor a *like* formal instrument in writing, we do not see how it is possible to so extend or add to the terms of the act as to make it embrace any other instrument in writ-

ing. But it is needless to pursue this discussion, for we think the question is conclusively determined by the recent case of *Martin* v. *Suber*, 39 S. C., 525. We do not see how the case (of) *Scottish-American Mortgage Company, Limited,* v. *Mixson*, 38 S. C., 432, can have any possible application to the present inquiry, for there the question was as to a mortgage, one of the instruments expressly specified in the act of 1887, while here the question is as to a promissory note, an instrument *not* specified in the act.

The judgment of this court is, that the judgment of the Circuit Court, in so far as it affects the appellant, be reversed, and that the case be remanded to that court for a new trial as to her alone, the other defendants having acquiesced in the judgment rendered against them.